IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, United States Department of Labor,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JHT LOGISTICS, INC.,<br><br>　　　　　Defendant. | Case No. 11-cv-490 |

**COMPLAINT**

The United States of America, on behalf of Hilda L. Solis, Secretary of Labor, (hereinafter "United States"), by John W. Vaudreuil, United States Attorney for the Western District of Wisconsin, by Leslie K. Herje Assistant United States Attorney for that district, hereby alleges as follows:

1.　　This is an action to enforce the employee protection provisions of the Surface Transportation Assistance Act of 1982 ("STAA"), 49 U.S.C. § 31105, and its implementing regulations, 29 C.F.R. § 1978.100 *et seq.*, requesting the entry of judgment against Defendant JHT Logistics, Inc. ("JHT"), in accordance with a non-appealable, final order of the Secretary of Labor.

2.　　On April 25, 2011, the Department of Labor issued a Decision and Order finding that JHT violated the STAA and ordered JHT to pay damages and reinstate former employee Larry Bricco.

3. This court has jurisdiction over this action pursuant to 49 U.S.C. § 31105(e) and 28 U.S.C. §§ 1331 and 1345.

4. JHT is, and at all times hereinafter mentioned was, a corporation organized under the laws of the State of Wisconsin in 2006. JHT engages in interstate trucking operations within the State of Wisconsin, and maintains a place of business at 105 Elm Street, Colfax, Dunn County, Wisconsin, 54730, within the jurisdiction of this Court.

5. JHT is an employer within the meaning of 49 U.S.C. § 31101(3), and engaged in a business affecting commerce, owning or leasing commercial motor vehicles, and/or assigning employees to operate commercial motor vehicles having a gross vehicle weight rating of 10,001 pounds or more, and used on the highways in interstate commerce.

6. JHT is a person within the meaning of 49 U.S.C. § 31105(a)(1).

7. Beginning in May 2008, Larry Bricco was an employee of JHT within the meaning of 49 U.S.C. § 31101(2), and worked as a commercial truck driver until on or about May 1, 2009, at which time he was terminated from his employment.

8. Following his termination, Larry Bricco filed a timely complaint with the Secretary of Labor, alleging that JHT discharged him in retaliation for activity protected by the STAA.

9. Pursuant to 49 U.S.C. § 31105(b)(2)(C), a hearing was held before Daniel L. Leland, Administrative Law Judge with the Office of Administrative Law Judges, United States Department of Labor.

10. On April 25, 2011, ALJ Leland issued a *Decision and Order* (attached hereto as Exhibit A), finding that JHT violated the employee protection provisions of the STAA by terminating Larry Bricco in retaliation for Bricco reporting safety concerns with his truck and refusing to complete a route when doing so would violate the hours of service regulations of the Department of Transportation.

11. In his *Decision and Order*, ALJ Leland ordered JHT to:

   a. Reinstate Larry Bricco to his former position with the same pay and terms and privileges of employment;

   b. Pay Larry Bricco compensatory damages in the form of back pay of $109,604.76, plus interest at the rate established by 26 U.S.C. § 6621, and $1,078.26 per week (beginning April 26, 2011) and $1,108.45 per week (beginning May 28, 2011) until Bricco is reinstated or receives a bona fide offer of reinstatement;

   c. Pay Larry Bricco compensatory damages for emotional distress in the amount of $25,000;

   d. Pay Larry Bricco punitive damages in the amount of $50,000;

   e. Post a copy of the *Decision and Order* in all of JHT's terminals for 120 days at all places where employee notices are customarily posted and mail copies of the *Decision and Order* to its drivers;

   f. Expunge all information pertaining to Larry Bricco's wrongful discharge from his personnel record.

12. The *Decision and Order* provided that the issue of JHT's liability for attorney fees and costs would be adjudicated in a supplemental decision. On June 1, 2011, the ALJ issued an *Attorney Fee Order*, which awarded $31,138.48 in attorney's fees and costs (attached hereto as Exhibit B).

13. JHT did not file a petition for review with the Administrative Review Board, United States Department of Labor, within ten days of the *Decision and Order* or the *Attorney Fee Order*, as provided by 29 C.F.R. § 1978.110. Therefore, the *Decision and Order* and *Attorney Fee Order* are now final orders of the Secretary of Labor and are not subject to further administrative or judicial review. 29 C.F.R. § 1978.110(b).

14. Based on information and belief, JHT has refused to comply with any portion of the ALJ's *Decision and Order* or *Attorney Fee Order*, which are now final orders of the Secretary of Labor.

15. The STAA provides that: "[i]f a person fails to comply with an order issued under subsection (b) of this section, the Secretary shall bring a civil action to enforce the order in district court of the United States for the judicial district in which the violation occurred" 49 U.S.C. § 31105(e).

WHEREFORE, the United States respectfully requests judgment against JHT, enforcing the final order of the Secretary of Labor as follows:

   a. Ordering the immediate reinstatement of Larry Bricco to his former position with the terms and privileges of employment that he would now enjoy had he not been terminated;

  b. Entering judgment in favor of the Secretary of Labor, and against JHT and any successor or in the amount ordered by the Secretary of Labor ($215,743.24, plus prejudgment interest) together with such additional amount, plus interest, that has accrued since April 25, 2011, as a result of JHT's continuing refusal to reinstate Larry Bricco.

  c. Entering a permanent injunction, enjoining JHT and its officers, agents, servants, employees, attorneys, and persons who are in active concert or participation therewith from failing to comply with the April 25, 2011 *Decision and Order* of ALJ Leland, which is a final order of the Secretary.

  d. Interest from the date of judgment at the legal rate until paid in full, costs, pursuant to 28 U.S.C. § 1920, including a $350.00 civil filing fee, and for all other relief this Court deems appropriate.

Dated this __13th__ day of July, 2011.

            Respectfully submitted,

            JOHN W. VAUDREUIL
            United States Attorney

            By: /s/ *Leslie K. Herje*

            LESLIE K. HERJE
            Assistant United States Attorney
            Chief, Civil Division
            P.O. Box 1585
            Madison, Wisconsin 53701-1585
            (608) 264-5158
            TTY: (608) 264-5006

<u>Of Counsel</u>
Matthew M. Scheff
Attorney
Office of the Regional Solicitor
U.S. Department of Labor